IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Steven Soard, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:13-CV-1614 |
| RGS Financial, Inc., d/b/a, RGS Collections, a Texas corporation, and Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT -- CLASS ACTION**

Plaintiff, Steven Soard, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Steven Soard ("Soard"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect

a delinquent consumer debt, which he allegedly owed for a Credit One Bank account.

4. Defendant, RGS Financial, Inc., d/b/a/ RGS Collections ("RGS"), is a Texas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts. RGS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Indiana. In fact, RGS was acting as a debt collector as to the debt it attempted to collect from Mr. Soard.

5. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

7. Defendants RGS and Asset are each authorized to conduct business in the State of Indiana and maintain registered agents within the State of Indiana, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct business in Indiana.

## FACTUAL ALLEGATIONS

8. Mr. Soard fell behind on paying his bills, including a debt he allegedly owed for a Credit One Bank account. At some point in time after that debt became delinquent, Defendants began trying to collect that debt from him by sending him an initial form collection letter, dated June 3, 2013.

9. The letter stated that RGS's "CLIENT" was:

> ASSET ACCEPTANCE, LLC
> CREDIT ONE BANK NA

The letter further stated that the "CREDITOR" was:

> ASSET ACCEPTANCE, LLC
>    CREDIT ONE BANK NA

Defendants failed, however, to explain what the relationship or difference was between "CREDIT ONE BANK NA" and "ASSET ACCEPTANCE, LLC". A copy of this letter is letter is attached as Exhibit B.

10. Plaintiff has learned, through counsel, that Asset Acceptance likely bought/obtained the debt at issue after default and was trying to collect it from him through Defendant RGS. Defendants' letter, however, failed to advise Plaintiff effectively of this statutorily-required, material information, namely the correct name of the creditor to whom his debt was currently owed.

11. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)
Failure To Identify Effectively The Current Creditor**

13. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

14. Defendants' letter to Plaintiff failed to state the name of the current creditor effectively because nowhere in Defendants letter did it state that Asset Acceptance was the current creditor.  Thus, Defendants have failed to state effectively the name of the creditor to whom the debt is owed, in violation of § 1692g(a)(2).  See, Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); and Deschaine v. National Enterprises Inc., 2013 U.S. Dist Lexis 31349 (N.D. Ill. 2013).

15. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

16. Plaintiff, Steven Soard, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Credit One Bank account, via the same form collection letter (Exhibit B), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Soard, in their attempts to collect delinquent consumer debts from other persons.

18. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter that they sent Plaintiff Soard.

19. Plaintiff Soard's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Soard will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff Soard has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Steven Soard, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Soard as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letter violated the FDCPA;

4. Enter judgment in favor of Plaintiff Soard and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Steven Soard, individually and on behalf of all others similarly situated, demands trial by jury.

> Steven Soard, individually and on behalf of all others similarly situated,
>
> By:/s/ David J. Philipps
> One of Plaintiff's Attorneys

Dated: October 8, 2013

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com